Flores Diaz v. Barr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of October, two thousand twenty.

Present:      ROSEMARY S. POOLER,
              RAYMOND J. LOHIER, JR.,
              WILLIAM J. NARDINI,
                     *Circuit Judges*.
_____

RICARDO FLORES DIAZ, AKA RICARDO-FLORES,

                  *Petitioner*,

          v.                                          19-2744

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

                  *Respondent*.
_____

Appearing for Petitioner:      Bruno Joseph Bembi, , Hempstead, N.Y.

Appearing for Respondent:      Paul Fiorino, Senior Litigation Counsel (Jeffrey Bossert Clark, Acting Assistant Attorney General, United States Department of Justice Gregory A. Pennington, Jr., Trial Attorney, Office of Immigration Litigation, *on the brief*) Washington, D.C.

Petition for review of a decision by the Board of Immigration Appeals.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED.**

Ricardo Flores Diaz, a native and citizen of El Salvador, seeks review of an August 9, 2019, decision of the Board of Immigration Appeals ("BIA"), affirming a December 21, 2017, decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. *In re Ricardo Flores Diaz,* No. A094 235 089 (B.I.A. Aug. 9, 2019), *aff'g* No. A094 235 089 (Immig. Ct. N.Y.C. Dec. 21, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, that is, without considering the IJ's finding that Flores Diaz failed to establish the requisite physical presence for cancellation of removal. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). A noncitizen, like Flores Diaz, who entered the United States without inspection, may have his removal cancelled if he "(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of [certain] offense[s] . . . ; and (D) establishes that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). Our jurisdiction to review the agency's denial of cancellation of removal based on an applicant's failure to satisfy the hardship requirement is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008). We review such claims de novo. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Flores Diaz argues that the IJ erred in concluding that he had not established that his U.S. citizen son would suffer exceptional and extremely unusual hardship without granting his attorney's request for a continuance to obtain his son's medical records and permit his son to testify. This argument does not raise a colorable constitutional claim or question of law because (1) Flores Diaz failed to exhaust it before the BIA, (2) the denial of a continuance is largely discretionary, and (3) Flores Diaz failed to establish good cause for a continuance to obtain the medical records given his testimony that his son no longer suffers from the health issues he experienced as a child. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (holding that issue exhaustion is mandatory); *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006) (noting that IJs have discretion to grant or deny continuances for good cause).

We thus dismiss the petition because Flores Diaz did not raise a colorable constitutional claim or question of law challenging the agency's dispositive finding that he failed to establish the requisite hardship for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval*, 516 F.3d at 39-40. We do not reach the agency's alternative determination that his conviction barred him from cancellation. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

We have considered the remainder of Flores Diaz's arguments and find them to be without merit.  Accordingly, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk